

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 31, 1965

Honorable Ed Keys
County Attorney
Ward County Courthouse
Monahans, Texas

Opinion No. C-497

Re: Under what circumstances
may a justice of the peace
be paid more than is pro-
vided in Article 53.07(d)
of Senate Bill No. 107,
Dear Mr. Keys:                Acts 59th Legislature, 1965?

In your letter requesting an opinion from this office
you submit certain facts which we quote as follows:

"The referenced Article of the new Code
of Criminal Procedure (Article 53.07(d)) limits
the amount which can be paid to a Justice of
the Peace as salary 'not to exceed the maximum
amount of fees which they were entitled by law
to retain before the effective date of this
code.'"

With regard to these facts you ask the following
question:

"Under what circumstances, if any, can
a Justice of the Peace be paid more than pro-
vided by this sub-section d? . . ."

Senate Bill 107, Acts 59th Legislature, Regular
Session, 1965, is known as the "Code of Criminal Procedure."
The new Code becomes effective January 1, 1966.

The provisions of the Code of Criminal Procedure of
1965, most pertinent to our discussion, are quoted as follows:

"Art. 53.07  Justice of Peace Salary

"(a)  Every justice of the peace in the
State of Texas shall be compensated by salary,

-2347-

the amount of which shall be determined by the
commissioners court.

" . . .

"(d) All justices of the peace compensated
on a fee basis before the effective date of this
Code shall receive a salary to be determined by
the commissioners court of each county, not to
exceed the maximum amount of fees which they were
entitled by law to retain before the effective
date of this Code."

You assume by your question that the provisions of
Article 53.07(a) and 53.07(d), requiring that every justice
of the peace in the State of Texas shall be compensated by
salary, are valid. However, Section 61 of Article XVI of
the Texas Constitution provides in part as follows:

". . .In all counties in this State, the
Commissioners Courts shall be authorized to
determine whether precinct officers shall be
compensated on a fee basis or on a salary
basis, with the exception that it shall be
mandatory upon the Commissioners Courts, to
compensate all constables, deputy constables
and precinct law enforcement officers on a
salary basis beginning January 1, 1949; . . ."

The foregoing constitutional amendment was adopted
by the voters of Texas at the General Election in November,
1948, and subsequent thereto on December 21, 1948, an Attorney
General's Opinion No. V-748 construed the provisions of the
foregoing as follows:

"H.J.R. 36 of the 50th Legislature, amending
Article XVI of Section 61 of the Texas Constitu-
tion, placing sheriffs and constables on a salary
basis, is self-executing to the extent that said
officers shall be compensated on a salary basis
beginning January 1, 1949.

"The Justices of the Peace, County Judges,
County Attorneys and District Clerks are not
'law enforcement officers' within the meaning
of Article XVI, Sec. 61 of the State Constitution."

Under the language of Section 61 of Article XVI of
the Texas Constitution and the holding in the above-quoted

opinion, it is within the sole discretion of the Commissioners Court to determine whether the justices of the peace shall be compensated on a fee or salary basis. Attorney General's Opinion V-1317 (1951). Consequently, it is our opinion that Article 53.07(a) and Article 53.07(d) so far as each makes mandatory the compensation by salary for each justice of the peace in this State, are in conflict with the constitutional provision quoted above and each is therefore void.

## S U M M A R Y

Both Article 53.07(a) and Article 53.07(d) Senate Bill 107, Acts 59th Legislature, Regular Session, 1965, so far as each makes mandatory the compensation by salary for every justice of the peace in this State, are in conflict with Section 61, Article XVI of the Texas Constitution and each is therefore void. However, this constitutional provision makes it mandatory that all Constables and Deputy Constables be compensated on a salary basis.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Ivan R. Williams, Jr.*

Ivan R. Williams, Jr.
Assistant

IRWjr:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
Larry Craddock
Roger Tyler
Phillip Crawford
John Reeves

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright